FILED

2013 APR 12  PM 2: 18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1   Brent H. Blakely (SBN 157292)
    bblakely@blakelylawgroup.com
2   Michael Marchand (SBN 281080)
    mmarchand@blakelylawgroup.com
3   BLAKELY LAW GROUP
    915 North Citrus Avenue
4   Los Angeles, California 90038
    Telephone: (323) 464-7400
5   Facsimile: (323) 464-7410

6   *Attorneys for Plaintiffs*
    *Coach, Inc. and Coach Services, Inc.*
7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  COACH, INC., a Maryland              ) CASE NO. CV13-02590 -JFW
    Corporation; COACH SERVICES,         )                  (MAN)
12  INC., a Maryland Corporation,        )
                                         ) COMPLAINT FOR DAMAGES
13                    Plaintiffs,        )
                                         ) 1.   TRADEMARK
14         vs.                           )      COUNTERFEITING
                                         )
15  NORA BELLA SALON, an unknown         ) 2.   FEDERAL TRADEMARK
    business entity; NORA TAYUN, an      )      INFRINGEMENT
16  individual, and DOES 1-10, inclusive,)
                                         ) 3.   TRADE DRESS INFRINGEMENT
17                    Defendants.        )
                                         ) 4.   FALSE DESIGNATIONS OF
18                                       )      ORIGIN AND FALSE
                                         )      DESCRIPTIONS
19                                       )
                                         ) 5.   FEDERAL TRADEMARK
20                                       )      DILUTION
                                         )
21                                       ) 6.   TRADEMARK DILUTION
                                         )      UNDER CALIFORNIA LAW
22                                       )
                                         ) 7.   COPYRIGHT INFRINGEMENT
23                                       )
                                         ) 8.   COMMON LAW UNFAIR
24                                       )      COMPETITION
                                         )
25                                       )
                                         )    [JURY TRIAL DEMANDED]
26                                       )
                                         )
27                                       )
                                         )
28                                       )

                                1
                     **COMPLAINT FOR DAMAGES**

Plaintiffs Coach, Inc. and Coach Services, Inc. ("Coach" or "Plaintiffs") for their claims against Defendants Nora Bella Salon and Nora Tayun (collectively "Defendants") respectfully allege as follows:

## JURISDICTION AND VENUE

1.     Plaintiffs file this action against Defendants for copyright infringement under 17 U.S.C. § 101, et seq., as well as trademark and trade dress infringement, trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition and trademark dilution under the statutory and common law of the State of California.

2.     This Court has subject matter jurisdiction over the Federal trademark counterfeiting and infringement and trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

3.     This Court has personal jurisdiction over Defendants because Defendants are a corporation organized and existing under the laws of the state of California and/or conduct business within the state of California.

4.     This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

5.     Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.  Plaintiff Coach Services, Inc., a wholly owned subsidiary of Coach, Inc., is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida.  Plaintiffs Coach, Inc. and Coach Services, Inc. will hereinafter be collectively referred to as "Coach."

6.      Upon information and belief, Defendant Nora Bella Salon is an unknown business entity with a principal place of business located 10820 Beverly Boulevard, Suite A4, Whittier, CA 90601-2580.

7.      Upon information and belief, Defendant Nora Tayun is an individual residing in this judicial district and doing business through Nora Bella Salon.

8.      Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiffs will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiffs are informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

9.      Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.      Coach's Family of Trademarks, Logos, and Designs

10.      Coach was founded more than seventy years ago as a family-run workshop in a Manhattan loft.  Since that time, Coach has been engaged in the manufacture, marketing, and sale of fine leather and mixed material products including

1  handbags, wallets, travel cases, briefcases, planners and diaries, leather goods,

2  watches, eyewear, footwear, apparel, and accessories.

3      11.    Coach is the worldwide owner of the trademark "COACH" and various

4  composite trademarks and assorted design components (collectively "Coach Marks").

5  Coach Marks include but are not limited to the following marks:

| Mark | U.S. Registration No(s). | Registration Date |
|---|---|---|
| "COACH" | 751, 493 | 06/25/1963 |
|  | 1,071,000 | 08/09/1977 |
|  | 2,088,706 | 08/19/1997 |
|  | 3,157,972 | 10/17/2006 |
|  | 3,413,536 | 04/15/2008 |
|  | 3,251,315 | 06/12/2007 |
|  | 3,441,671 | 06/03/2008 |
|  | 2,252,847 | 06/15/1999 |
|  | 2,534,429 | 01/29/2002 |
|  | 1,309,779 | 12/18/1984 |
|  | 2,045,676 | 03/18/1997 |
|  | 2,169,808 | 06/30/1998 |
|  "CC Mark" | 2,592,963 | 07/09/2002 |
|  | 2,626,565 | 09/24/2002 |
|  | 2,822,318 | 03/16/2004 |
|  | 2,832,589 | 04/13/2004 |
|  | 2,822,629 | 03/16/2004 |

4

**COMPLAINT FOR DAMAGES**

| | | |
|---|---|---|
| | 3,695,290 | 10/13/2009 |
| Coach "Op Art" Mark | 3,696,470 | 10/13/2009 |
| | 3,012,585 | 11/08/2005 |
| | 3,338,048 | 11/11/2007 |
| | 2,162,303 | 06/02/1998 |
| | 2,088,707 | 08/19/1997 |

12.    Many of Coach's products exhibit composites of the CC Mark (depicted above) in an assortment of different sizes, patterns, and colors ("CC Design")

13.    Plaintiffs' CC Mark and CC Design are highly recognized by the public and serves to identify the source of the goods as Coach.

14.    Coach has long been manufacturing and selling in interstate commerce high quality leather and mixed material products under the Coach Marks.  These

1  registrations are valid and subsisting and are incontestable.  Through longstanding use,

2  advertising, and registration, the Coach Marks have achieved a high degree of

3  consumer recognition and constitute famous marks.

4       15.   In addition to the trademark registrations listed above, Coach is also the

5  owner of a copyright registration to the "Op Art Design" (U.S. Reg. No. VA1-694-

6  574).

7       16.   Coach and its predecessors have continuously used the Coach Marks, CC

8  Design, and Op Art Design in interstate commerce in connection with the sale,

9  distribution, promotion, and advertising of its goods for four decades.

10       17.   Coach and its predecessors have achieved sales volumes of over three

11  billion dollars annually from goods bearing the Coach Marks, CC Design, and Op Art

12  Design.  As such, the goodwill associated therewith are valuable assets of Coach.

13       18.   Coach and its predecessors have expended over a hundred million dollars

14  in advertising, promoting, and marketing goods featuring the Coach Marks, CC

15  Design, and Op Art Design.

16       19.   Due to Coach and its predecessors' long use, extensive sales, and

17  significant advertising and promotional activities, the Coach Marks, CC Design, and

18  Op Art Design have achieved widespread acceptance and recognition among the

19  consuming public and trade throughout the United States.  The arbitrary and distinctive

20  Coach Marks identify Coach as the source/origin of the goods on which they appear

21     **B.**   **Defendants' Infringing Conduct**

22       20.   In or around November, 2012, Coach discovered that products, including

23  but not limited to handbags, watches, scarves, and wallets bearing counterfeit

24  reproductions of the Coach Marks, CC Design, and Op Art Design were being sold

25  and/or offered for sale by Defendant Nora Bella Salon, located at 10820 Beverly

26  Boulevard, Suite 4A, Whittier, CA 90601.  One example of a counterfeit Coach

27  product offered for sale by Nora Bella Salon is the watch depicted below:

28

| Defendants' Infringing Product | Coach's Authentic Product |
|---|---|
|  |  |

21.   Coach representatives have inspected samples of the Coach-branded merchandise obtained from Nora Bella Salon and have determined said merchandise to be counterfeit.

22.   Upon information and belief, Defendant Nora Tayun is the active, moving, conscious force behind the alleged infringing activities of Defendant Nora Bella Salon.

23.    Defendants are not authorized by Coach to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing any of Plaintiffs' federally registered trademarks and copyrights.

### FIRST CLAIM FOR RELIEF

### (Trademark Counterfeiting – 15 U.S.C. § 1114)

24.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

25.    Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Coach Marks in interstate commerce.

26.    The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' counterfeit products are genuine or authorized products of Coach.

27.    Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Marks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

28.    Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

29.    Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

30.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

31.    Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

32.    In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Coach Marks or any marks identical and/or

1  confusingly similar thereto for any purpose, and to recover from Defendants all

2  damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a

3  result of such infringing acts, and all gains, profits and advantages obtained by

4  Defendants as a result thereof, in an amount not yet known, as well as the costs of this

5  action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to

6  15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

7  ## SECOND CLAIM FOR RELIEF

8  ### (Federal Trademark Infringement – 15 U.S.C. 1114)

9      33.    Plaintiffs incorporate herein by reference the averments of the preceding

10 paragraphs as though fully set forth herein.

11     34.    The Coach Marks are nationally recognized, including within the Central

12 District of California, as being affixed to goods and merchandise of the highest quality

13 and coming from Plaintiffs.

14     35.    The registrations embodying the Coach Marks are in full force and effect

15 and Plaintiffs have authorized responsible manufacturers and vendors to sell

16 merchandise with these marks.

17     36.    Defendants' unauthorized use of the Coach Marks on inferior quality

18 merchandise in interstate commerce and advertising relating to same constitutes false

19 designation of origin and a false representation that the goods and services are

20 manufactured, offered, sponsored, authorized, licensed by or otherwise connected with

21 Plaintiffs or come from the same source as Plaintiffs' goods and are of the same

22 quality as that assured by the Coach Marks.

23     37.    Defendants' use of The Coach Marks is without Plaintiffs' permission or

24 authority and is in total disregard of Plaintiffs' rights to control their trademarks.

25     38.    Defendants' activities are likely to lead to and result in confusion, mistake

26 or deception and are likely to cause the public to believe that Plaintiffs have produced,

27 sponsored, authorized, licensed or are otherwise connected or affiliated with

28 Defendants' commercial and business activities, all to the detriment of Plaintiffs.

39.     Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiffs and reap the benefit of Plaintiffs' goodwill associated with Plaintiffs' trademarks.

40.     As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiffs have been injured and will continue to suffer injury to their businesses and reputations unless Defendants are restrained by this Court from infringing Plaintiffs' trademarks.

41.     Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

42.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using The Coach Marks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

### THIRD CLAIM FOR RELIEF

### (Trade Dress Infringement)

43.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

44.     Coach has used the CC Mark in association with the sale of goods in its "Signature" line of goods since as early as 2001.  Coach's Signature line of products features the CC Mark in a repeating pattern in various sizes, colors, and patterns ("CC Design")

45.    The CC Design is nonfunctional and its inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Coach as the source of high quality goods.

46.    Defendants' unauthorized use of the CC Design on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods when in fact they do not.

47.    Defendants' use of the CC Design is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control its trademarks.

48.    Defendants' use of the CC Design is likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

49.    Plaintiffs have no adequate remedy at law.

50.    In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the CC Design, or any designs identical or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (False Designation of Origin and False Advertising - 15 U.S.C. § 1125(a))

51.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

52.     The Coach Marks are nonfunctional and their inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Plaintiffs as the source of high-quality goods.

53.     Defendants' promotion, advertising, distribution, sale, and/or offering for sale of counterfeit Coach products, together with Defendants' use of other indicia associated with Coach is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of said products, and is intended, and is likely to cause such parties to believe in error that the Defendants' counterfeit products have been authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendants are in some way affiliated with Coach

54.     Defendants' use of the Coach Marks is without Plaintiffs' permission or authority and is in total disregard of Plaintiffs' rights to control their trademarks.

55.     Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

56.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using The Coach Marks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## FIFTH CLAIM FOR RELIEF

### (Federal Trademark Dilution – 15 U.S.C. § 1125(c))

57.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

58.     The Coach Marks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition, and are thus "famous" within the meaning of the Lanham Act.

59.    Defendants have used in commerce in connection with the sale of their products counterfeit reproductions of the Coach Marks, which is likely to cause, and most likely has caused, confusion or mistake as to the affiliation, connection, or association between Defendants and Plaintiffs, or as to the origin, sponsorship, or approval of said counterfeit goods by Plaintiffs.

60.    Defendants' acts described above have diluted and continue to dilute the unique and distinctive Coach Marks.  These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Plaintiffs, causing damage to Plaintiffs in an amount to be determined at trial, as well as irreparable injury to the goodwill and reputation associated with the Coach Marks.

61.    Upon information and belief, Defendants' unlawful actions began long after the Coach Marks became famous.

62.    Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on the reputation of the Coach® brand, and to dilute the Coach Marks.  Defendants' conduct is willful, wanton, and egregious.

63.    Plaintiffs have no adequate remedy at law to compensate them fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts unless they are enjoined by this Court.

64.    In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Coach Marks, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## SIXTH CLAIM FOR RELIEF

### (Trademark Dilution in Violation of Cal. & Bus. Prof. Code)

65.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

66.   The Coach Marks are distinctive in the state of California by virtue of their substantial inherent and acquired distinctiveness, extensive use in the state of California, and the extensive advertising and wide spread publicity of the marks in the state of California.

67.   As a result of the substantial inherent and acquired distinctiveness of the Coach Marks, their extensive use in the state of California, and the extensive advertising and publicity of said marks in the state of California, the Coach Marks have become strong and are widely renowned.

68.   The actions of Defendants complained of herein are likely to injure the business reputations and dilute the distinctive quality of the Coach Marks, which are famous.

69.   The foregoing acts of Defendants constitute dilution and injury to business reputations in violation of the California Business and Professions Code.

70.   The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.  Said conduct was despicable and harmful to Plaintiffs and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

71.   By reason of the foregoing, Plaintiffs are being damaged by the unauthorized and illegal use of the Coach Marks in the manner set forth above, and will continue to be damaged unless Defendants are immediately enjoined under Section 14247 of the California Business and Professions Code from using any of the Coach Marks.

72.   Plaintiffs will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

73.   Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

74.   In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Coach Marks for any purpose, destruction of the counterfeit merchandise, and recovery of up to three times their profits from, and up to three times all damages suffered by reason of, Defendants' wrongful manufacture, use, display, or sale of infringing products.

## SEVENTH CLAIM FOR RELIEF
### (Copyright Infringement)

75.   Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

76.   Coach is the owner of a copyright registration to the Op Art Design (U.S. Reg. No. VA 1-694-574)

77.   Coach is entitled to exclusive use of the copyrighted Op Art Design without the unauthorized use by third parties.

78.   Given the widespread popularity of the Op Art Design and the striking similarity between the designs on Defendants' products and the Op Art Design, Defendants had access to said designs and, upon information and belief, Defendants have knowingly infringed upon said marks by manufacturing, distributing, advertising and selling piratical copies of the designs to the public in violation of 17 U.S.C. § 501.

79.   Upon information and belief, Defendants have intentionally, knowingly and willfully copied Plaintiffs' Op Art Design in order to personally benefit from the widespread customer recognition and acceptance of said designs, and to capitalize upon the market created by said designs.

80.   Upon information and belief, the aforesaid infringements by Defendants of Plaintiffs' copyrighted works occurred and continue to occur with the knowledge that such designs are copyrighted and the Defendants, in committing the acts complained of herein, has willfully infringed upon Plaintiffs' rights under the Copyright Laws of the United States, Title 17 U.S.C. § 101, et seq.

81.     Defendants' infringement of Plaintiffs' copyrighted works is to the great and irreparable damage of Plaintiffs, and Plaintiffs are informed and believe, as indicated, that Defendants will continue such infringement unless enjoined by this Court.

82.     Plaintiffs have suffered loss of profits and other damage, and Defendants have earned illegal profits in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.

83.     Plaintiffs have no adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

84.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

85.     Plaintiffs own and enjoy common law trademark rights to the Coach Marks in California and throughout the United States.

86.     Defendants' unlawful acts in appropriating rights in the Coach Marks were intended to capitalize on Plaintiffs' goodwill associated therewith for Defendants' own pecuniary gain.  Plaintiffs have expended substantial time, resources and effort to obtain an excellent reputation for their respective brands.  As a result of Plaintiffs' efforts, Defendants are now unjustly enriched and is benefiting from property rights that rightfully belong to Plaintiffs.

87.     Defendants' unauthorized use of the Coach Marks has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiffs.

88.     Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiffs.

89.     Defendants' acts constitute unfair competition under California common law.

90.    Plaintiffs have been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

91.    The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.  Said conduct was despicable and harmful to Plaintiffs, and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter it from similar such conduct in the future.

92.    Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

93.    In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Coach Marks, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants, as follows:

A.    Granting temporary, preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

(1)    Using the CC Mark and/or CC Design, or any marks confusingly similar thereto, in connection with the manufacturing, distribution, advertising, offering for sale, and/or sale of merchandise;

(2)    Using any of Coach's federally registered trademarks, copyrighted works, and/or designs in connection with the manufacturing, distribution, advertising, offering for sale, and/or sale of merchandise;

**COMPLAINT FOR DAMAGES**

(3)     Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with, Coach;

(4)     Otherwise infringing upon Coach's federally registered trademarks, copyrighted works, and/or trade dresses;

(5)     Otherwise diluting Coach's federally registered trademarks, copyrighted works, and/or trade dresses;

(6)     Unfairly competing with Coach.

B.     Awarding actual damages suffered by Plaintiffs as a result of Defendants' acts;

C.     Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

D.     Ordering Defendants to disgorge their profits;

E.     Awarding Plaintiffs all of Defendants' profits and all damages sustained by Plaintiffs as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 504(b).

F.     Awarding treble damages in the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b).

G.     Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 505;

H.     Awarding Plaintiffs statutory damages pursuant to 15 U.S.C. §1117(c) and 17 U.S.C. § 504(c);

I.     Awarding Plaintiffs punitive damages in connection with their claims under California law; and

COMPLAINT FOR DAMAGES

1    J.    Awarding Plaintiffs such other and further relief as the Court deems just

2    and proper.

3

4

5    Dated:  April 10, 2013                    BLAKELY LAW GROUP

6

7                                              By: _____

8                                                  Brent H. Blakely
                                                   Michael Marchand
                                                   *Attorneys for Plaintiffs*
9                                                  *Coach, Inc. and Coach Services, Inc.*

10

11

12

13                          **DEMAND FOR JURY TRIAL**

14          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby

15    demand a trial by jury as to all claims in this litigation.

16

17    Dated:  April 10, 2013                    BLAKELY LAW GROUP

18

19                                              By: _____

20                                                  Brent H. Blakely
                                                   Michael Marchand
                                                   *Attorneys for Plaintiffs*
21                                                  *Coach, Inc. and Coach Services, Inc.*

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| COACH, INC.; COACH SERVICES, INC. | NORA BELLA SALON; NORA TAYUN |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| BLAKELY LAW GROUP<br>915 North Citrus Avenue, Hollywood, California 90038<br>Telephone: (323) 464-7400 | |

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ MONEY DEMANDED IN COMPLAINT: $ 100,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement under the Lanham Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **CV13-02590**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

| CV-71 (02/13) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | COACH, INC. - NEW YORK<br>COACH SERVICES, INC. - FLORIDA |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ALL DEFENDANTS - LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

*****Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: 4/11/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |